UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COEN MCGARITY,

       Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC.;
BANK OF AMERICA; and,
FIFTH THIRD BANK,

       Defendants.
_____/

Case No. 2:19-cv-10681
District Judge Laurie J. Michelson
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION TO GRANT AS UNOPPOSED DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO DISMISS (ECF 18) THE AMENDED COMPLAINT (ECF 14)

**I.   RECOMMENDATION**:   The Court should **GRANT AS UNOPPOSED** Defendant Experian Information Solutions, Inc.'s October 4, 2019 motion (ECF 18) to dismiss the amended complaint (ECF 14).

**II.   REPORT:**

    **A.   Original Complaint**

By way of background, Plaintiff is or has been a party to other consumer credit lawsuits involving the Fair Credit Reporting Act (FCRA).  *See*, *e.g.*, *McGarity v. Experian Information Solutions, Inc., et al.*, Case No. 2:15-cv-12610-GCS-MJH (E.D. Mich.); *McGarity v. Equifax Information Services, L.L.C.*, Case

No. 2:18-cv-11194-MOB-SDD (E.D. Mich.); and *McGarity v. Transunion Corporation*, Case No. 4:19-cv-12047-MFL-SDD (E.D. Mich.).

On February 1, 2019, Plaintiff filed the instant lawsuit against Defendant Experian Information Solutions, Inc. ("Experian") in state court.  Case No. 19-0111914 (State of Michigan 41B District Court).  (ECF 1-1.)  Via counsel, Experian removed the case to this Court on March 6, 2019.  (ECF 1.)  Experian answered the complaint on March 12, 2019.  (ECF 2.)

**B.     Amended Complaint**

Plaintiff has filed an amended complaint, which, in addition to naming Experian, names Bank of America, N.A., and Fifth Third Bank, N.A., as Defendants.  (ECF 14.)  The two causes of action are based upon alleged violations of 15 U.S.C. § 1681s-2.  (ECF 14 at 4-5 ¶¶ 27, 31.)  Experian answered the amended complaint on September 27, 2019.  (ECF 16.)

Meanwhile, the Clerk of the Court issued summonses to the bank Defendants.  (ECFs 11, 12, 19.)  On November 20, 2019, Bank of America appeared via counsel.  (ECF 21.)  Fifth Third Bank has yet to appear.

**C.     Instant Motion**

Judge Michelson referred this case to Magistrate Judge Majzoub for pretrial matters. (ECF 4.)  On November 4, 2019, the case was reassigned to me pursuant

2

to Administrative Order 19-AO-032, after which Judge Michelson referred this case to me for pretrial matters.  (ECF 20.)   Currently before the Court is Defendant Experian's October 4, 2019 motion to dismiss. (ECF 18.)   Specifically, Experian argues that Plaintiff cannot assert a claim against it for violation of Section 1681s-2, "as this section of the [FCRA] only applies to furnishers and Experian is not a furnisher." (ECF 18 at 4.)

### D. Discussion

#### 1. This motion is unopposed.

"A respondent opposing a motion must file a response, including a brief and supporting documents then available."   E.D. Mich. LR 7.1(c)(1).   The instant motion to dismiss, filed on October 4, 2019 pursuant to Fed. R. Civ. P. 12(b)(6), is a dispositive motion.   E.D. Mich. LR 7.1(e)(1)(A).   "A response to a dispositive motion must be filed within 21 days after service of the motion."   E.D. Mich. LR 7.1(e)(1)(B).   As such, Plaintiff's response would ordinarily have been due on or about Friday, October 25, 2019. Fed. R. Civ. P. 6(a).

To date, Plaintiff has not filed a response.   Thus, Defendant Experian's motion to dismiss is unopposed.   A motion to dismiss which is unopposed may be granted on that basis alone.  *Humphrey v. U.S. Attorney Gen.'s Office*, 279 F.App'x 328, 331 (6th Cir. 2008) ("where, as here, plaintiff has not raised

arguments in the district court by virtue of his failure to oppose defendants' motion to dismiss, the arguments have been waived."); *Burdick v. Anthony*, No. 1:06-cv-2687, 2007 WL 275968, at *1 (N.D. Ohio Jan. 26, 2007) ("The district court's power to grant motions to dismiss because they are unopposed is firmly settled.") (citations omitted).

### 2. Conclusion

Ordinarily, the Court would engage in summaries of the factual allegations upon which Plaintiff's operative pleading is based (ECF 14 ¶¶ 13-25), discuss the two claims for relief (ECF 14 ¶¶ 26-33), and then address Defendant Experian's argument on its merits (ECF 18 at 8-9). However, it is unnecessary to do so here. In sum, as set forth above, the Court should **GRANT AS UNOPPOSED** Defendant Experian's October 4, 2019 motion (ECF 18) to dismiss Plaintiff's amended complaint (ECF 14).

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d

4

505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

                                                                                            Anthony P. Patti
Dated: <u>November 21, 2019</u>    UNITED STATES MAGISTRATE JUDGE